THIS DISPOSITION
IS CITABLE AS PRECEDENT
OF THE T.T.A.B.

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
P.O. Box 1451
Alexandria, VA 22313-1451

Lykos

Mailed: November 29, 2005

Opposition No. 91158854

Vignette Corporation

v.

Marino, Steven

Before Seeherman, Quinn and Walters, Administrative
Trademark Judges.

By the Board:

This case now comes up for consideration of opposer's
motion (filed August 26, 2005) for reconsideration of the
Board's order denying opposer's motion for summary judgment.

By way of background, on January 8, 2003, applicant
applied to register the mark VIGNETTE EDITORIAL for "video
post-production services, namely, editing of music videos,
television commercials and motion pictures" in International
Class 41, alleging a bona fide intent to use the mark in
commerce.[1]  Opposer timely filed a notice of opposition on
December 8, 2003 based on a claim of priority and likelihood

---

[1] Application Serial No. 76481237.

of confusion.

Thereafter, on March 3, 2005, opposer filed a motion to amend its notice of opposition to add a claim that application Serial No. 76481237 is void ab initio under Trademark Act Section 1(b) because applicant did not have a bona fide intention to use the mark in commerce when he filed the application.[2]  The Board, on July 26, 2005, granted opposer's motion to amend the notice of opposition, and deemed the notice of opposition to be amended to set forth the following claim:

> 11. Alternatively, Applicant did not have a bona fide intention to use the mark in commerce on the specified services when he filed his application for VIGNETTE EDITORIAL (Ser. No. 76/481,237) because Applicant did not have a single document to establish a bona fide intention to use VIGNETTE EDITORIAL on the services covered by the involved application.

On the same date that opposer filed its motion to amend the notice of opposition, opposer moved for summary judgment on the amended claim.  The Board denied opposer's motion for summary judgment in the same Board order.

It is this decision which is the subject of opposer's motion for reconsideration.  The motion is fully briefed.[3]

---

[2] *See e.g., Lane Ltd. v. Jackson International Trading Co.,* 33 USPQ2d 1351; and *Commodore Electronics Ltd. v. CBM Kabushiki Kaisha,* 26 USPQ2d 1503 (TTAB 1993).

[3] Opposer has submitted a reply brief which the Board has considered pursuant to our discretion under Trademark Rule 2.127(a).

Opposer, in its motion for summary judgment, argued that applicant failed to produce any documents in response to opposer's document production requests to corroborate his purported bona fide intention to use his mark in commerce. In its brief on summary judgment, opposer highlighted several document production requests and applicant's responses thereto, including the following:

> Opposer's Document Production Request No. 1:  All documents that relate to or reflect all use and planned or intended uses of Applicant's Mark in connection with the advertising, promotion or marketing of products or services including, but not limited to, sales brochures, promotional materials, business plans, displays and advertisements.

In his supplemental response to this request, and other similar requests, applicant stated:

> There are no responsive, nonprivileged documents in Applicant's possession, custody or control, as of the date of these supplemental responses.  Applicant will produce such documents if and when they come into his possession, custody or control.

Supplemental Response to Request for Production of Documents No. 1.  Opposer also pointed to applicant's responses to certain interrogatories as confirmation that applicant had no basis to assert a bona fide intention to use the mark in commerce.  To illustrate, applicant was asked in Interrogatory Nos. 21, 22, and 23 to "[s]tate the basis for Applicant's bona fide intent to use Applicant's mark for video post production services, namely editing of music videos," "television commercials," and "motion pictures."

Applicant provided the following response to each of those three interrogatories:

> Applicant's bona fide intent to use the VIGNETTE EDITORIAL mark in connection with the identified services is established by Applicant's having signed a declaration to that effect in connection with filing the application.

On this basis, opposer moved for summary judgment on the amended claim.

Applicant responded to opposer's motion for summary judgment by submitting his own declaration ("Marino Declaration"), attesting to the various activities applicant has engaged in as evidence of his bona fide intention to use his applied-for mark in commerce, including but not limited to directing and producing a music video for a band, supervising construction of commercial space, creating an Internet web site as a conduit for prospective clients to learn more about applicant's services, and soliciting potential customers.

The Board denied opposer's motion for summary judgment, finding that applicant's declaration was sufficient to raise a genuine issue of material fact as to his bona fide intention to use the mark in commerce. The Board cautioned applicant, however, that he would be precluded at trial from relying on evidence which was not produced in response to discovery requests properly propounded by opposer, and cited, inter alia, *Presto Products, Inc. v. Nice Pak*

*Products, Inc.,* 9 USPQ2d 1895 (TTAB 1988) ("*Presto Products*") in support of that proposition.

We now turn to opposer's request for reconsideration. Opposer contends that the Marino Declaration asserts new facts that were not furnished with applicant's responses to opposer's discovery requests and, therefore, it was improper for the Board to rely on these assertions in applicant's declaration as a basis for denying opposer's motion for summary judgment. In support of its request for reconsideration, opposer relies on the same case cited by the Board in its order, *Presto Products,* for the proposition that a party cannot introduce previously undisclosed evidence to defeat a motion for summary judgment.

First, we consider whether the holding in *Presto Products* prohibits consideration by the Board on summary judgment of the Marino Declaration because it contains information that was not disclosed during discovery. Essentially, opposer has moved to strike the Marino Declaration pursuant to Fed. R. Civ. P. 37(c)(1). Therefore, in determining whether *Presto Products* applies here, both cases must be analyzed within the framework provided by Federal Rule 37(c)(1). Federal Rule 37(c)(1) states, in pertinent part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording the other party to be heard, may impose other appropriate sanctions.

*Presto Products* involved the introduction of evidence on summary judgment which had previously been withheld during discovery, based on the claim that the evidence was protected by attorney-client privilege. Applicant in the *Presto Products* case had moved for summary judgment on opposer's claim of likelihood of confusion. As evidence of its good faith adoption of its mark, applicant submitted the affidavit testimony of its officials regarding the legal advice given to them by applicant's trademark counsel during the process of selecting applicant's mark. Opposer moved to strike the affidavit on the ground that applicant had refused to produce the underlying opinion during discovery based on the attorney-client privilege. The Board granted the motion to strike because the facts disclosed in the affidavit were not disclosed in discovery due to the claim of attorney-client privilege. *Presto Products, supra,* n.5.

We find that the present case is distinguishable from Presto *Products*. In *Presto Products,* the applicant had previously refused to provide the information sought in

discovery, and had stated unequivocally that such information would not be provided.  In light of such a clear refusal, there was no basis for the Board to allow applicant to then submit such evidence, even though the submission was being made prior to trial in the context of a summary judgment motion.  It is well established that a party cannot rely on purported communications and discussions with counsel, while at the same time refusing to provide, or selectively providing, those communications.  *See e.g., Afro-Lecon v. United States,* 820 F.2d 1198 (Fed. Cir. 1987). Thus, because the applicant had asserted the attorney-client privilege for refusing to provide documents, and because such privilege cannot be asserted selectively, the Board refused to allow applicant later, in the context of its summary judgment motion, to rely on documents for which it had previously asserted the privilege.

Within the context of Federal Rule 37(c)(1), the Board's ruling in *Presto Products* essentially amounts to a finding that applicant's failure to disclose was not substantially justified or was not harmless.  Thus, in cases where the offending party had absolutely refused to disclose the previously withheld evidence (as in instances such as *Presto Products* where the attorney-client privilege had been asserted), it is entirely appropriate to sanction the

offending party by precluding it from relying on the newly disclosed evidence on summary judgment.

In the case before us, however, applicant merely said that such documents were unavailable, and/or referred to his declaration in his application of a bona fide intention to use his mark in responding to interrogatories asking for information as to the basis for his intent.  This case does not involve an outright statement that the information would not be provided, but rather a failure to supplement discovery responses.  Although applicant clearly could have been more forthcoming in his responses to interrogatories, we do not believe that applicant's delay in providing this information requires us to exclude his declaration.  In the circumstances before us here, it would be unfair to foreclose applicant from the opportunity to amplify the assertions made in his previous discovery responses in order to defend against opposer's motion for summary judgment.[4]

Thus, in cases such as the present one, where applicant does not unequivocally refuse to provide the requested

---

[4] We make clear, however, that parties have a duty to supplement their discovery responses when information or documents come to their attention.  *See* Fed. R. Civ. P. 26(e) and TBMP § 408.03 (2d. ed. rev. 2004).  In the event that applicant fails to properly supplement his discovery responses with any additional information or documents that were requested in discovery in either the interrogatories or document production requests, including any additional information to that provided in his declaration submitted in response to the summary judgment motion, applicant will be precluded from relying on such information or documents at trial.

information, we believe that it would be unduly harsh to impose the preclusion sanction under Federal Rule 37(c)(1). This is particularly true given that discovery responses may be supplemented at any time, even during trial, or after receipt of a summary judgment motion. To apply the preclusion sanction under Federal Rule 37(c)(1) here or in similar circumstances would amount to elevating form over substance since no practical distinction exists between consideration of information provided as part of a responsive brief to a summary judgment motion or information provided in supplemental responses to discovery that are submitted at the same time as a responsive brief.

Therefore, we find that *Presto Products* does not apply to the circumstances of the present case. The holding in *Presto Products* is limited to the particular factual circumstances of that case –- that a party cannot introduce evidence on summary judgment affirmatively withheld during discovery. Thus, the Board's July 26, 2005 order is modified to the extent that the citation of *Presto Products* is not applicable.

Because we find no error in our consideration of the Marino Declaration in determining opposer's motion for summary judgment, opposer's request for reconsideration is denied. *See* Trademark Rule 2.127(b).

In view of the circumstances of this case, the Board hereby *sua sponte* reopens discovery for opposer only.

Accordingly, the discovery (for opposer only) and testimony periods are reset as follows:

THE PERIOD FOR DISCOVERY FOR OPPOSER
ONLY TO CLOSE:                              1/15/06

30-day testimony period for party in
position of plaintiff to close:            4/15/06

30-day testimony period for party in
position of defendant to close:            6/14/06

15-day rebuttal testimony period for
plaintiff to close:                        7/29/06

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony.  Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b).  An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.